IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

THOMAS E. PEREZ,

    Plaintiff,                                  ORDER FOR JUDGMENT

    v.                                             14-cv-95-wmc

DAVID STRATTON, IDS SALES AND
ENGINEERING, INC. and the IDS SALES
AND ENGINEERING RETIREMENT SAVINGS PLAN,

    Defendants.
_____

A hearing on default judgment was held yesterday in the above-captioned matter. Plaintiff appeared by attorney Eileen R. Hurley; defendants failed to make an appearance. For the reasons discussed below, the court will enter default judgment against defendant IDS Sales and Engineering, Inc. ("IDS") in the amount of $19,114.94 and will also enter a permanent injunction preventing IDS from serving as an ERISA fiduciary.

BACKGROUND

On February 12, 2014, plaintiff Thomas E. Perez, the Secretary of Labor, filed this civil suit under 29 U.S.C. §§ 1132(a)(2) and (5), alleging that defendants David Stratton and IDS failed to remit employee salary deferral contributions to the IDS Sales & Engineering, Inc. Retirement Savings Plan ("the Plan"), an employee benefit plan governed by ERISA. (Compl. (dkt. #1) ¶¶ 11-18.) On February 14, plaintiff requested that defendants waive service, which they did on March 31. (Dkt. ##5-7.) Pursuant to Fed. R. Civ. P. 4(d)(3), IDS had sixty days after receiving the request for waiver of service to serve an answer, making its answer due on April 15, 2015. Although individual

defendant Stratton eventually filed an answer, IDS has to date failed to appear, answer, or otherwise defend this lawsuit.[1]

On January 13, 2015, plaintiff moved for an entry of default against IDS. The next day, the clerk of court granted that motion. (Dkt. #16.) Plaintiff thereafter filed the pending motion for default judgment as to IDS (dkt. #22), seeking monetary damages and injunctive relief.[2] Because the clerk of court has entered default against IDS, the court accepts as true all factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

According to the complaint, IDS was the sponsor and administrator of the plan, as well as a Plan fiduciary. (Compl. (dkt. #1) ¶ 7.) Between 2003 and February 28, 2011, the Plan's governing documents provided that participants could make pre-tax contributions to the Plan as salary deferrals from their compensation on an annual basis and permitted participants to take loans from their Plan accounts. (*Id.* at ¶ 11.) Between December 1, 2010, and February 28, 2011, IDS withheld $14,435.61 in employee contributions from its employees' paychecks for remittance to the Plan. However, IDS retained this money in its corporate bank account and never remitted it to the Plan. (*Id.* at ¶ 15.) Ultimately, Stratton caused IDS to keep those contributions in its corporate

---

[1] The court notes that individual defendant Stratton filed a motion to withdraw his answer the night before the hearing. (Dkt. #28.) That motion will be granted. As represented by counsel, Stratton continues to suffer from mental health problems that prevent him from participating in this lawsuit. The court was advised by plaintiff's counsel at the default hearing that plaintiff will be filing a motion for default against Stratton following the withdrawal of his answer.

[2] ERISA authorizes both injunctive relief that "enjoin[s] any act or practice which violates any provision of this subchapter" and other appropriate equitable relief. 29 U.S.C. § 1132(a)(5). For breaches of fiduciary duty, ERISA imposes liability to "make good to such plan any losses to the plan resulting from each such breach" and allows for the removal of a fiduciary. 29 U.S.C. § 1109.

bank account and used them to pay IDS's general operating expenses. (*Id.* at ¶ 16.) IDS and Stratton also withheld an additional $31,523.42 in employee contributions and $167.40 in participant loan repayments that were not remitted to the Plan in a timely manner but were instead held in IDS's corporate bank account up to 71 days after they should have been remitted. (*Id.* at ¶¶ 20-21.)

Based on these factual allegations, which the court accepts as true except as to the amount owing, plaintiff has established that IDS is liable for: failing to hold all assets of the Plan in trust; permitting the assets of the Plan to inure to its own benefit; failing to hold them for the exclusive purposes of providing benefits to plan participants and their beneficiaries; causing the Plan to engage in transactions which it knew constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest of assets to the Plan; failing to act solely in the interest of Plan participants and their beneficiaries; dealing with assets of the Plan in their own interest; and acting on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries. Accordingly, the court must determine whether plaintiff has demonstrated entitlement to the relief sought by virtue of the default.

## OPINION

### I. Monetary Relief

Plaintiff seeks monetary relief in the amount of $19,114.94, to be remitted to the Plan participants affected by IDS's violations within fourteen days of the entry of judgment. This represents $14,435.61 in withheld employee salary contributions; $4,236.25 in "lost opportunity costs for unremitted contributions"; and $443.08 in "lost opportunity costs for untimely remitted contributions."

The $14,435.61 figure comes from an investigation performed by Investigator Michael Baron and described in the declaration of his supervisor, Crystal Coleman, the former Deputy Regional Director of the Chicago Office of the Employee Benefits Security Administration. (Dkt. #24.) Under Coleman's supervision, Investigator Baron examined payroll documents from IDS, as well as payroll journals from provider Automatic Data Processing, Inc.; contribution records of John Hancock Life Insurance Company, the Plan's asset custodian; and records from Kelly Financial, Inc., the Plan's third-party administrator. (*Id.* at ¶ 4.) Investigator Baron ultimately found that from December 1, 2010, until February 28, 2011, IDS withheld $14,435.61 from employee salaries and retained those monies in its corporate bank account. (*Id.* at ¶ 6.) The breakout of unremitted contributions by employee adds up to this sum. (*See* Mot. Ex. A (dkt. #22-4).) The court is, therefore, satisfied that plaintiff has proven up the $14,435.61 in requested relief.

The lost opportunity costs appear to reflect calculation of lost interest on both the unremitted and untimely remitted participant contributions. In support of those figures, plaintiff submits the declaration of Ashley Romanacce, a Supervisory Investigator employed by the Chicago Office of the Employee Benefits Security Administration. (Dkt. #25.) Romanacce assigned Investigator Samuel Williams to compute lost opportunity costs on the untimely remitted contributions and the contributions that were never remitted. Investigator Baron concluded through his investigation that $31,523.42 in contributions and $167.40 in employee loan repayments were untimely remitted. (Coleman Decl. (dkt. #24) ¶ 5.) Using those figures and the Internal Revenue Code § 6621 interest rates, Investigator Williams concluded that a total of $4,679.33 in lost opportunity costs was owed to the Plan -- $443.08 on the untimely remitted funds

and $4,236.25 for the unremitted funds. (Romanacce Decl. (dkt. #25) ¶2.) This total sum is, therefore, also deemed proven.

Plaintiff asks that the court order restoration of those funds directly to the affected Plan participants identified in Exhibit A within fourteen days of entry of judgment, and that IDS be ordered to make such payment by sending the participants certified checks. Plaintiff also requests that IDS be ordered to transmit copies of the certified checks to the Regional Director in Chicago. These requests seem reasonable and appropriate as well, and so the court will enter judgment as requested.

## II. Injunctive Relief

Plaintiff also requests injunctive relief that: (1) permanently enjoins IDS from violating Title I of ERISA; (2) orders IDS to correct the prohibited transactions in which it engaged; and (3) permanently enjoins IDS from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan except to the extent necessary to implement this judgment. To be entitled to injunctive relief, a plaintiff must demonstrate: (1) irreparable injury; (2) inadequate remedies at law; (3) the balance of hardships favors injunctive relief; and (4) the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). It is "not uncommon for courts to issue injunctions as part of default judgments." *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) (citing *Johnson v. Kakvand*, 192 F.3d 656 (7th Cir. 1999)); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).

As a remedy for a breach of fiduciary duty, appropriate "relief may include a permanent injunction barring a former ERISA fiduciary from providing services or acting

as a fiduciary to any employee benefit plan in the future." *Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006); *Chesemore v. Alliance Holdings, Inc.*, 948 F. Supp. 2d 928, 948-49 (W.D. Wis. 2013). For reasons already set forth above, the court finds injunctive relief appropriate in this case and will enter the injunction barring IDS from serving as a fiduciary to an ERISA-covered employee benefit plan except to the extent necessary to carry out this judgment, unless IDS has: (1) been formally dissolved as a corporate entity, such that no injunction is necessary; or (2) removed Stratton (who is alleged to have been the driving force behind the breaches of fiduciary duty) and appointed a new, qualified fiduciary.

As for plaintiff's additional request that IDS be permanently enjoined from "violating Title I of ERISA," the court declines that request as overbroad. "Injunctions that 'merely instruct the enjoined party not to violate a statute' generally are overbroad, increasing 'the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful.'" *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 504 (7th Cir. 2008) (quoting *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315 (Fed. Cir. 2004)); *see also Solis v. Seher*, No. 3:12-CV-415 JD, 2013 WL 393291, at *3-4 (N.D. Ind. Jan. 31, 2013) (declining to permanently enjoin defendant from violating provisions of Title I of ERISA).

Having determined that plaintiff is entitled to the majority of the relief requested, the court will enter a corresponding judgment in this matter that includes the monetary relief, to be paid out under the conditions that plaintiff requests, and the above-described, limited injunctive relief. The court will also order that a copy of the judgment and this opinion and order be served on IDS by the U.S. Marshals.

ORDER

IT IS ORDERED that:

1. Defendant David Stratton's motion to withdraw answer (dkt. #28) is GRANTED.

2. Plaintiff's motion for default judgment (dkt. #22) is GRANTED. The clerk of court is directed to enter default judgment in favor of plaintiff Thomas E. Perez and against defendant IDS Sales and Engineering, Inc., as follows:

    a. an award of monetary damages in the amount of $19,114.94, to be remitted to the Plan participants affected by IDS's violations within fourteen days of the entry of judgment; and

    b. entry of a permanent injunction requiring IDS to correct the prohibited transactions in which it engaged and barring IDS from serving as a fiduciary to an ERISA-covered employee benefit plan except to the extent necessary to carry out this judgment unless IDS has (i) been formally dissolved as a corporate entity, such that no injunction is necessary; or (ii) removed Stratton and appointed a new, qualified fiduciary.

3. The United States Marshals Service is hereby ordered to serve a copy of this order and the judgment on defendant IDS Sales and Engineering.

Entered this 23rd day of April, 2015.

BY THE COURT:

/s/

_____
William M. Conley
District Judge